**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**TIMOTHY HOGAN,**                                                     **PETITIONER**

**v.**                                    **No. 2:05CV193-P-A**

**LAWRENCE KELLY, ET AL.**                                     **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Timothy Hogan for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be **DISMISSED** with prejudice as untimely filed under 28 U.S.C. § 2244(d).

**Facts and Procedural Posture**

On February 20, 2002, Timothy Hogan was convicted in the Circuit Court of Coahoma County and sentenced as follows: Count 1, taking away of a motor vehicle, two years in the custody of the Mississippi Department of Corrections, with three years post-release supervision, to run consecutive to the sentences in Counts II and III; Count II, aggravated assault on a law enforcement officer, fifteen years to run consecutive to any previously imposed sentence; and Count III, aggravated assault on a law enforcement officer, fifteen years to run concurrently to the sentence in Count I. On September 16, 2003, the Mississippi Court of Appeals affirmed Hogan's conviction and sentence. *Hogan v. State*, 854 So.2d 497 (Miss.App. 2003)(Cause No. 2002-KA-521-COA). Hogan declined to seek further review in state court by filing a motion for rehearing pursuant to MISS. R. APP. P. 40 or a subsequent petition for writ of certiorari pursuant to

MISS. R. APP. P. 17.  Hogan filed an application for leave to file a motion for post-conviction relief on June 6, 2005.  Hogan's motion was denied June 29, 2005.  The petitioner filed the instant federal petition for a writ of *habeas corpus* September 22, 2005.

## Discussion

The petitioner declined to seek further review in state court by filing a motion for rehearing pursuant to Rule 40 of the Mississippi Rules of Appellate Procedure or a subsequent petition for writ of certiorari pursuant to MISS. R. APP. P. 17.  The petitioner thus "stopped the appeal process" and waived his right to pursue review in the United States Supreme Court by way of a petition for writ of certiorari.  *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).  The petitioner's conviction thus became final, and the statute of limitations for federal *habeas corpus* relief began to run, when the time for seeking further direct review in the state court expired – fourteen days after the Mississippi Court of Appeals decided the merits of the petitioner's case.  The petitioner's conviction therefore became final on September 30, 2003 (September 16, 2003, plus 14 days).  MISS. R. APP. P. 40 (allowing 14 days to file a motion for rehearing after a decision is handed down on the merits of the case).  Therefore, the deadline for the petitioner to submit a properly filed state application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) – and thus toll the federal one-year statute of limitations – was September 30, 2004.  *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998).  The petitioner did not meet the deadline as the petition was filed June 6, 2005 – 249 days after that deadline expired.  The petitioner thus did not enjoy the benefit of statutory tolling.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court.  *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259

(5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was thus filed sometime between the date it was signed on September 20, 2005, and the date it was received and stamped as "filed" in the district court on September 22, 2005. Therefore, the instant petition was filed 355 days to 357 days after the September 30, 2005, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14.

In his response to the state's motion to dismiss, the petitioner argues that he would like for the court to dismiss the instant petition without prejudice, as he believes his petition contains both exhausted and unexhausted claims. As the court has determined that all of the instant claims are untimely filed, this argument is without merit. For these reasons, the instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d).

A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 17th day of March, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE